IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES KUPIDLOWSKI, | § | |
| | § | No. 383, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1310005701 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 12, 2019
Decided: February 5, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Charles Kupidlowski, filed this appeal from the Superior Court's August 12, 2019 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Kupidlowski's opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that, in April 2014, Kupidlowski pled guilty to Theft by False Pretense. As part of the plea agreement, the parties agreed that Kupidlowski would pay the victim $4,735 in restitution. The Superior Court sentenced

Kupidlowski to two years of Level V incarceration, suspended after ninety days for one year of Level III probation and one year of Level I probation, restitution only to be discharged upon payment in full of the restitution amount. Kupidlowski did not appeal the Superior Court's judgment.

(3) In June 2015, an administrative warrant was filed for Kupidlowski's VOP. The VOP report alleged that Kupidlowski had violated his probation by committing new crimes, failing to report to his probation officer, and failing to pay anything toward his restitution obligations in two cases, for Theft in Cr. ID No. 1309011742 and Theft by False Pretense in Cr. ID No. 1310005701. On July 7, 2015, the Superior Court found that Kupidlowski had violated his probation. The Superior Court sentenced Kupidlowski as follows: (i) for Theft, one year and nine months of Level V incarceration, suspended after six months for one year Level I probation, restitution only; and (ii) for Theft by False Pretense, one year and nine months of Level V incarceration, suspended for one year of Level I probation, restitution only. The VOP order stated that Kupidlowski would remain on probation pursuant to 11 *Del. C.* § 4104(d) until he paid his financial obligations. Kupidlowski did not appeal the Superior Court's judgment. Over the next three years, the Superior Court found that Kupidlowski violated his probation two more times. Each time the Superior Court suspended Kupidlowski's Level V time for probation and ordered that he would remain on probation under § 4104(d) until he paid his financial obligations.

2

(4) In July 2019, Kupidlowski was charged again with violating his probation in his Theft by False Pretense case (Cr. ID No. 1310005701). The VOP report alleged that Kupidlowski committed new crimes and traffic violations, failed to appear for his arraignments, failed to report to his probation officer, and failed to pay anything toward his restitution obligation. On August 12, 2019, the Superior Court found that Kupidlowski had violated his probation. The Superior Court sentenced Kupidlowski to one year, eight months, and twenty days of Level V time suspended after sixty days (without the benefit of any early release under 11 *Del. C.* § 4204(k)) for nine months of Level IV Work Release, followed by one year of Level III probation. The Superior Court ordered that Kupidlowski would remain on probation pursuant to 11 *Del. C.* § 4104(d) until he paid his financial obligations. This appeal followed.

(5) Kupidlowski's arguments on appeal may be summarized as follows: (i) he has already served almost a year of his original two-year sentence for Theft by False Pretense; and (ii) the Superior Court should not have sentenced him to Level V time for his failure to pay his restitution obligation. These arguments are without merit.

(6) In arguing that he has already served almost a year of his original two-year sentence for Theft by False Pretense, Kupidlowski appears to be confusing his Theft and Theft by False Pretense sentences. To date, the Superior Court has sentenced Kupidlowski to a total of five months non-suspended Level V time for his

3

Theft by False Pretense conviction. The remaining Level V time Kupidlowski claims to have served relates to his Theft sentence.

(7) As to his contention that he should not be sentenced to Level V time for his failure to pay his restitution obligation, Kupidlowski ignores that the July 2019 VOP report alleged that he violated his probation by committing new crimes and traffic violations, failing to appear for arraignments, failing to report to his probation officer, and failing to pay anything toward his restitution obligation. To the extent that Kupidlowski argues that the restitution obligation was the only basis for the Superior Court's latest VOP finding, we are unable to evaluate that claim in the absence of a transcript of the July 7, 2019 VOP hearing.[1] Kupidlowski, as the appealing party, had the burden of producing "such portions of the...transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" and "all evidence relevant to the challenged finding or conclusion."[2] He did not designate preparation of the transcript for this appeal.

(8) Even if Kupidlowski's failure to pay restitution was the only basis for the VOP finding, § 4104(d) provides that the Superior Court retained jurisdiction over him until he paid his restitution obligation in full. Kupidlowski does not dispute that he failed to pay his restitution obligation in this case. The record reflects that

---

[1] *See, e.g., Counts v. State*, 2016 WL 556633, at *2 (Del. Feb. 11, 2016) (concluding that claims of alleged errors occurring at VOP hearing could not be reviewed in the absence of a transcript).
[2] Supr. Ct. R. 14(e).

Kupidlowski failed to pay his restitution for years and committed multiple VOPs without the Superior Court sentencing him to non-suspended Level V time.

(9)   This Court's appellate review of a sentence is limited and generally ends upon a determination that the sentence is within statutory limitation.[3]  Once the State proved by a preponderance of the evidence that Kupidlowski violated his probation, the Superior Court was authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4]  The VOP sentence imposed did not exceed the balance of the Level V time remaining to be served on Kupidlowski's sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] 11 *Del. C.* § 4334(c).

5